■ In the Matter of GARY A. et al., Children Alleged to be Neglected. RICHARD J. STARZEK, as Commissioner of the Department of Social Services of Schenectady County, Respondent; NADINE B., Appellant.—Appeal from an order of the Family Court of Schenectady County, entered April 25, 1977, which adjudged Gary A., David B. and Tucker A. to be neglected children and, inter alia, placed the children in the care and custody of the Schenectady County Commissioner of Social Services for a period of 18 months. The long and tortuous judicial proceedings which are the subject of this appeal began on July 15, 1974 with the filing of a petition alleging acts of neglect on the part of appellant Nadine B. towards her two oldest children, Gary A. and David B., ages five and four respectively. After various and sundry

proceedings, all related to the·original allegations of neglect, the order adjudging the said children and a subsequently born son, Tucker A., to be neglected within the meaning of article 10 of the Family Court Act was entered on April 25, 1977. The appellants place their primary reliance on this appeal upon our recent decision in *Matter of Paul "X"* (57 AD2d 216). As in *Paul "X"*, the trial court in this case based its order of disposition upon alleged violations of the terms and conditions of an adjournment in contemplation of dismissal which had been granted pursuant to section 1039 of the Family Court Act. In *Paul "X"* the conditions of the said adjournment in contemplation of dismissal related solely to the appellant's co-operation with, and her using the services of, various mental health, counseling, parental care and public health agencies. There were no findings as to the best interests of the child and there was no evidence of neglect, abuse, malnutrition or illness. The trial court made its finding of neglect solely on the basis of the appellant's failure to co-operate with the supportive agencies, in violation of the conditions of the said adjournment, despite the fact that "no nexus whatsoever ha[d] been established between appellant's conduct toward these agencies on the one hand, and her conduct toward, and the best interests of, her child on the other" (p 220). In reversing the Family Court and ordering further hearings we held that "in the absence of provisions in an ACD order bearing directly upon the care, treatment and well-being of a child alleged to be neglected, proof of violation of an ACD order cannot by itself support a deprivation of custody" (p 221). The instant case is clearly distinguishable. The terms and conditions of the Adjournment In Contemplation of Dismissal ("ACD") order related not only to co-operation with various agencies, but also to a duty related directly to the health of the children: the providing of adequate and proper medical care. Appellant Nadine B. admitted to violating this requirement as well as every other condition of the ACD order. In addition the court, during the course of hearings held after the entry of the ACD order, was presented with testimony of physical abuse by Nadine B. towards at least one of her children. The said appellant admitted to having hit David B. with a brush, causing a black eye, and to hitting him when she "gets mad". Nadine B. had been convicted of a drug offense, and there is evidence in the record that she continued to use drugs during the period the ACD order was in effect. Presented with such a record the Family Court, in contrast to the court in *Matter of Paul "X" (supra),* made a specific finding in its order of disposition that the children had been neglected and that it would be in their best interests to be removed from the home of the appellants. The record contains sufficient evidence to support these findings. The question of the constitutionality of section 1039 of the Family Court Act, raised for the first time on this appeal and without notice to the Attorney-General, is not properly before us *(Matter of Paul "X", supra;* Executive Law, § 71). Order affirmed, without costs. Sweeney, J. P., Mahoney, Larkin, Mikoll and Herlihy, JJ., concur.