OPINION OF THE COURT
Anthony K. Pomilio, J.
This is a child neglect proceeding brought pursuant to article 10 of the Family Court Act. We are called upon to determine the constitutionality of subdivision (e) of section 1039 of that article.
The background is as follows. The petitioner filed a child neglect petition on September 7, 1979, alleging that respondent had neglected her daughter, Marie Baker. That petition was adjourned in contemplation of dismissal pursuant to section 1039 of the Family Court Act, for a period of one year, upon the consent of the petitioner, respondent, and Law Guardian.
The adjournment in contemplation of dismissal (ACD) *995 was subject to certain conditions, including a condition that the respondent co-operate with the petitioner.
On April 10,1980, petitioner filed a petition alleging that respondent had violated the conditions of the ACD by failing to co-operate with the petitioner: Petitioner requested that the child be removed from respondent.
Under subdivision (e) of section 1039, a finding that the respondent had violated that condition would be deemed to be a finding of child neglect. Such a finding would authorize the court to make any disposition it could make upon an actual finding that respondent had neglected her child, including removing the child from her parent.
Respondent has moved to dismiss the violation petition, contending that subdivision (e) of section 1039 is unconstitutional. She contends that the Constitution prohibits the court from removing her child from her custody merely because she violated the conditions of the ACD without an actual finding of neglect.
We reserved decision on the motion pending notification to the Attorney-General, pursuant to section 71 of the Executive Law, that the constitutionality of a statute was being challenged. Both parties and the Attorney-General have submitted memoranda of law in support of their positions.
We now decide respondent’s motion.
Section 1039 governs an ACD of a child protective proceeding. This section authorizes the court to ACD a child protective proceeding for a period not to exceed one year, with a view to ultimate dismissal in the interest of justice. This may be done prior to a fact-finding hearing.
While the order may include terms and conditions agreeable to the parties, it must include a condition that the child and the respondent be under the supervision of a child protective agency during the adjourned period. (Family Ct Act, § 1039, subd [b].)
Subdivision .(e) of section 1039 provides that if it is established that the respondent violated a condition set by the court or failed to co-operate with the child protective agency, then the respondent shall be deemed to have ne *996 glected the child. “Upon application of the petitioner *' * * made at any time during the duration of the order, the court may restore the matter to the calendar, if the court finds after a hearing that the respondent has failed substantially to observe the terms and conditions of the order or to cooperate with the supervising child protective agency. In such event, circumstances of neglect shall be deemed to exist, and the court may thereupon proceed to a dispositional hearing under this article and may, at the conclusion of such hearing, enter an order of disposition authorized pursuant to section one thousand fifty-two with the same force and effect as if a fact-finding hearing had been held and the child had been found to be an abused or a neglected child.” (Family Ct Act, § 1039, subd [e].)
Section 1052 among other dispositions authorizes the court to order the child removed from the respondent.
Thus, the following would be authorized under section 1039. A child neglect proceeding against a parent may be adjourned in contemplation of dismissal prior to a fact-finding hearing. Subsequently, if the court made a finding that the parent had failed to co-operate with a child protective agency, that finding would become a constructive finding of neglect, upon which the court could order that the child be removed from his parent.
Therefore, subdivision (e) of section 1039 permits a child to be removed from his parents without any actual finding of abuse or neglect, but merely upon a finding of non-co-operation with a child protective agency, when a child protective proceeding against such parent has been adjourned in contemplation of dismissal.
It is this application of section 1039 which petitioner seeks and of which respondent questions the constitutionality.
What are the constitutional rights of parents with respect to their children?
The leading case in the area of parents’ constitutional rights to the custody of their children is Matter of Bennett v Jeffreys (40 NY2d 543). That case interpreted parents’ constitutional rights to the custody of their children as follows:
*997 “To recapitulate: intervention by the State in the right and responsibility of a natural parent to custody of her or his child is warranted if there is first a judicial finding of surrender, abandonment, unfitness, persistent neglect, unfortunate or involuntary extended disruption of custody, or other equivalent but rare extraordinary circumstance which would drastically affect the welfare of the child. It is only on such a premise that the courts may then proceed to inquire into the best interest of the child and to order a custodial disposition on that ground” (supra, p 549). “Neither law, nor policy, nor the tenets of our society would allow a child to be separated by officials of the State from its parent unless the circumstances are compelling” (supra, p 552).
Thus, the Constitution prohibits a State from removing a child from his parents unless such is predicated upon a judicial finding of unfitness, persistent neglect, etc.
Is the constructive finding of neglect which is deemed to follow from the failure of a parent to abide by the required condition in an ACD, that he co-operate with a child protective agency, a sufficient premise upon which to constitutionally deprive a parent of the custody of his child?
Two decisions of the Appellate Division, Third Department, indicate that it is not.
In Matter of Paul “X” (57 AD2d 216), very similar to the present case, a child neglect proceeding had been adjourned in contemplation of dismissal. Thereafter, a violation petition was filed alleging that respondent had failed to co-operate with the child protective agency. The trial court made a finding that the parents had not co-operated with the agency, and ordered that the child be removed from his parents.
The Appellate Division reversed. It held that the trial court could not deprive a parent of the custody of his child without an actual finding of abuse or neglect.
“Mere proof of noncompliance with conditions of the ACD order, having at best an indirect bearing on the welfare of Paul ‘X’ does not by itself, as previously indicated, warrant a conclusion that either element of the two-pronged *998 test under Bennett is satisfied, let alone both of them.” (Matter of Paul “X”, 57 AD2d 216, 221, supra.)
“We hold, however, that in the absence of provisions in an ACD order bearing directly upon the care, treatment, and well-being of a child alleged to be neglected, proof of violation of an ACD order cannot by itself support a deprivation of custody.” (Matter of Paul “X”, supra, p 221.)
However, that court declined to determine the constitutionality of subdivision (e) of section 1039 because the Attorney-General had not been given the required notice under section 71 of the Executive Law.
Subsequently, the same Department of the Appellate Division decided Matter of Gary A. (60 AD2d 927). Again, a child neglect proceeding had been adjourned in contemplation of dismissal under the provisions of section 1039 of the Family Court Act. Again, a petition was filed alleging that the parent respondent had violated the conditions of the adjournment in contemplation of dismissal. However, in this case, the alleged violation involved parental conduct which had a direct bearing on the child’s well-being, that the child be provided proper medical care.
The trial court found that the terms of the ACD had been violated and also that the child had been neglected. The trial court ordered the child removed from the custody of its parent.
This time, the Appellate Division affirmed. It distinguished this case from Matter of Paul “X.”
“The terms and conditions of the Adjournment In Contemplation of Dismissal (‘ACD’) order related not only to co-operation with various agencies, but also to a duty directly related to the health of the children: the providing of adequate and proper medical care.” (Matter of Gary A., 60 AD2d 927, 928, supra.)
The Appellate Division noted that the trial court had “made a specific finding in its order of disposition that the children had been neglected” (Matter of Gary A., supra, p 928).
However, again the appellate court declined to determine the constitutionality of subdivision (e) of section 1039 *999 since the Attorney-General had not been notified pursuant to section 71 of the Executive Law.
We agree with these holdings. The Constitution prohibits a court from interfering with parental custody rights unless they have violated a duty relating to their child’s welfare.
Subdivision (e) of section 1039 permits a court to order a child removed from his parents without an actual finding of neglect or abuse. This is prohibited by the Constitution as construed by Matter of Bennett v Jeffreys, 40 NY2d 543, supra.
However, petitioner also contends that an ACD is tantamount to a surrender of custody because a child protective proceeding may be adjourned in contemplation of dismissal only upon the respondent’s consent.
Petitioner further contends that this is a knowing surrender because subdivision (e) of section 1039 requires the court to apprise the respondent of subdivision (e) of section 1039.
“The court may make such order [ACD] only after it has apprised the respondent of the provisions of this section, particularly subdivision (e), and it is satisfied that the respondent understands the effect of such provisions.” (Family Ct Act, § 1039, subd [a].)
We are not persuaded by petitioner’s argument. The surrender contemplated by the Matter of Bennett v Jeffreys court is a voluntary surrender, made without threat or coercion. However, parents who are facing a child protective proceeding which may result in the loss of their child, and who are given a choice of (a) consenting to an ACD and taking their children home, or (b) facing the charges and risking the loss of their children, cannot be said to be acting without threat or coercion. Knowing the uncertainties of trial, a parent is very likely to consent to an ACD, even though he may not have either neglected or abused his child.
“An individual in appellant’s position has somewhat of a Hobson’s choice. Faced with an imminent judicial proceeding which may result in a loss of custody of a child, the expedient of ‘consenting’ to an admission of neglect *1000 or abuse with no present consequences, in return for the retention of custody, becomes relatively attractive. [W]e are not unmindful of the doubts which may exist as to the voluntariness of any such ‘consent’ and ‘waiver’.” (Matter of Paul “X”, 57 AD2d 216, 221, supra.)
We hold that subdivision (e) of section 1039 of the Family Court Act is unconstitutional.
While a child protective proceeding may be adjourned in contemplation of dismissal and then may be restored to the calendar before the period of adjournment has expired, the court may not remove a child from its parents, or otherwise interfere with the parent-child relationship unless there has been an actual judicial, and not merely a constructive, finding of either abuse, neglect, or other such finding, as set forth in Matter of Bennett v Jeffreys (supra).
We now turn to respondent’s motion. The violation petition alleges that respondent failed to co-operate with petitioner. Even if this were established, we could not remove the child from respondent as petitioner requests.
We, therefore, order that the petition alleging violation of the ACD order be dismissed.
Since the original neglect petition was adjourned more than one year ago, we order the original petition dated September 7, 1979, dismissed in the interest of justice.