OPINION OF THE COURT

Per Curiam.

The issue on this appeal is whether respondent’s child, Hime, was shown to be a “permanently neglected child” within the meaning of subdivision 7 of section 384-b of the Social Services Law, because respondent failed for a period *285 of more than one year following the date the child came into the care of an authorized agency “substantially and continuously or repeatedly to maintain contact with or plan for the future of the child, although physically and financially able to do so, notwithstanding the agency’s diligent efforts to encourage and strengthen the parental relationship” (subd [a]).
Hime was born on March 10, 1975. She was placed temporarily with the Jewish Child Care Association on April 9, 1975 and on July 8, 1975, after the Family Court determined that she was a neglected child, was plafced with that agency for one year. Respondent was in Bellevue Hospital from April 1, 1975 until June 26, 1975. The proceeding to terminate her parental rights was begun July 22,1976, the petition alleging both mental illness and permanent neglect.
The Family Court Judge found that there had been- no failure to plan and characterized the agency’s efforts as begrudging (92 Misc 2d 652, 655, 657), although his comments in his first opinion, and in the course of a dispositional hearing held a year later, suggest that the root of his findings was the conflict inherent in the agency’s being required to work with the foster parent while at the same time being supportive of the mother* rather than the agency’s lack of diligent effort, as that term is defined by section 384-b (subd 7, par [f]). Though he found no mental illness within the meaning of the statute, the Family Court Judge awarded custody to the foster parents on a no-fault best interests basis. The Appellate Division modified on the law and the facts, granted so much of the petition as sought termination of respondent’s parental rights on the basis of her mental illness, and remanded for further proceedings.
On appeal to us, we reversed the Appellate Division’s mental illness finding on the law, because the evidence was insufficient to show incapacity “for the foreseeable future” as required by section 384-b (subd 4, par [c]) of the Social Services Law. On remand the Appellate Division found *286 permanent neglect, concluding that respondent did not take any affirmative measures to plan, that the caseworker did make diligent efforts to encourage and strengthen the parental relationship and that respondent was physically and financially able to plan for Hime’s future. The present appeal is from its order granting the petition on the permanent neglect ground. We affirm.
Section 384-b of the Social Services Law carefully balances the interest of a child in foster care not to “experience [an] unnecessarily protracted [stay] in such care without being adopted or returned” (subd 1, par [b]) with the parents’ interest in continuing the parent-child relationship (subd 1, par [a], els [i], [ii], [iii]). It spells out the grounds upon which parental rights may be terminated and the child freed for adoption (subd 4), the burden of proof with respect to each ground (subd 3, par [g]) and the elements of each ground that must be proved (subds 5, 6, 7). On the question of failure to plan, it directs that the plan “must be realistic and feasible, and good faith effort shall not, of itself, be determinative” (subd 1, par [c]), but also provides in subdivision 7 (par [d], cl [iii]) of section 384-b that institutionalization “shall not interrupt, but shall not be part of, a period of failure to * * * plan for the future of a child.” Thus, respondent’s mental illness bears on the present appeal only in the measurement of the one-year period, which runs to June 26, 1976, one year after respondent’s discharge from Bellevue.
In light of the disagreement between the courts below, this court reviews the record to determine which, findings conform to the weight of the evidence (Grant Co. v Srogi, 52 NY2d 496, 511; Rorie v Woodmere Academy, 52 NY2d 200, 204; see Matter of Ray A. M., 37 NY2d 619, 623; Cohen and Karger, Powers of the New York Court of Appeals, p 485).
After careful review of the record, we conclude that the weight of the evidence is with the Appellate Division’s findings. As it noted, on the issue of financial ability respondent not only refused to provide details, thus giving rise to an unfavorable inference, but also testified that she had always supported herself. Clearly, she also had “physical *287 ability” to plan within the meaning of the statute (Matter of Hime Y., 52 NY2d 242, 251; Social Services Law, § 384-b, subd 7, par [d], cl [iii]). On the issues of respondent’s failure to plan and the agency’s diligent efforts, the agency caseworker’s testimony sufficiently established both. While the caseworker was required by the statute to work with both the natural parent and the foster parent, the record contains nothing, other than respondent’s testimony, to suggest that the agency acted in the interest of the latter rather than the former. In concluding that the weight of evidence is with the Appellate Division’s findings, we note respondent’s hostility to all of the caseworkers assigned to Hime’s case as indicated by her testimony and by the Trial Judge’s comments, her refusal to furnish information concerning treatment or employment despite advice that it bore importantly on her right to return of the child (cf. Matter of Leon RR, 48 NY2d 117, 125, supra), and file notations of similar hostility to others who appeared to respondent to be frustrating her desires. On the entire record, therefore, we find the weight to be with the Appellate Division’s conclusions.
For the foregoing reasons, the order of the Appellate Division should be affirmed, without costs.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in Per Curiam opinion.
Order affirmed.

 But compare Matter of Leon BR (48 NY2d 117, 126) : “These duties, however, are by no means contradictory; indeed, they are complementary.”