■ In the Matter of JANET AA., Alleged to be a Permanently Neglected Child. WARREN COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; PAUL AA. et al., Appellants. (And Four Other Proceedings.) — Appeals from five orders of the Family Court of Warren County (Katz, J.), entered February 13, 1981, which adjudicated respondents' six infant children to be permanently neglected and terminated respondents' parental rights. Respondents' six infant children, ranging in age from 5 to 13 years at the time of the dispositional hearing, were initially placed in foster homes in the Glens Falls area during the period from 1973 to 1977. After a fact-finding hearing in July, 1980, pursuant to petitions filed by petitioner Warren County Department of Social Services, Family Court determined that the six children were permanently neglected. Following a dispositional hearing conducted on February 13, 1981, Family Court terminated respondents' parental rights and transferred custody to petitioner for purposes of having the children adopted. These appeals by respondents ensued. The issue presented is whether each of respondents' six children was shown to be a "permanently neglected child" within the meaning of section 384-b (subd 7, par [a]) of the Social Services Law because respondents failed for a period of more than one year following the date the child came into petitioner's care "substantially and continuously or repeatedly to maintain contact with or plan for the future of the child, although physically and financially able to do so, notwithstanding the agency's diligent efforts to encourage and strengthen the parental relationship". Although the standard of proof necessary to support a finding of permanent neglect was not specifically addressed by the parties to this appeal, we will review the sufficiency of Family Court's determination that respondents' children were permanently neglected under the more rigorous "clear and convincing evidence" standard recently required by the United States Supreme Court in proceedings of this nature (*Santosky v Kramer,* __ US __, 50 USLW 4333). Clearly, the purpose of section 384-b of the Social Services Law is to carefully balance the interest of a child in foster care in avoiding an unnecessary protracted stay in such care with the parents' interest in continuing the parent-child relationship (Social Services Law, § 384-b, subd 1; *Matter of Hime Y.,* 54 NY2d 282). Here, four of respondents' children have been in petitioner's care since 1973 and the remaining two children were placed with petitioner in 1976. During this protracted period, not only were respondents' efforts to maintain contact with their children minimal, though physically and financially able to do so since both parents were on welfare and the husband's income was supplemented by his pay as a member of the New York National Guard, but their conduct was devoid of any effort to formulate a realistic and feasible plan for the return of their children (see Social Services Law, § 384-b, subd 7, par [c]). The record is replete with evidence of a pattern of neglect by both parents. On each occasion when petitioner initiated neglect proceedings, the resultant order was almost wholly premised on respondents' admissions of neglect. Each time that the agency moved to extend the custodial arrangement of the children, respondents consented. They moved about the area frequently and made no attempt to find housing which was adequate for their children's needs. While their efforts to maintain contact with their children during the early years of their

custody were minimal, even these efforts diminished with the passage of time indicating a loss of interest in maintaining contact with their children. Further, respondent father was convicted of an amended charge of assault in the third degree, the original charge being sexual abuse in the second degree, in connection with a visit by him with one of his infant daughters. Finally, we cannot say that petitioner failed in its duty to make "diligent efforts to encourage and strengthen the parental relationship" between respondents and their children (Social Services Law, § 384-b, subd 7, pars [a], [f]). To the extent that the circumstances present here permitted, petitioner consulted, co-operated and planned with the parents to make suitable arrangements for respondents to visit their children, to obtain suitable housing to establish a home to which the children could be returned, and for psychiatric counseling for respondents. In almost every instance, respondents failed to co-operate (see *Matter of Lisa Ann U.,* 75 AD2d 944, revd on other grounds 52 NY2d 1055). Accordingly, we see no reason to disturb the orders of Family Court. Orders affirmed, without costs. Mahoney, P. J., Sweeney, Casey, Mikoll and Levine, JJ., concur.