OPINION OF THE COURT

Per Curiam.

In this proceeding to permanently terminate the parental rights of a natural mother to her two infant children, the principal issue before the court is whether the petitioner agency has met its statutory duty to undertake diligent efforts to strengthen the parental relationship before moving to terminate it on the ground of permanent neglect.
Subdivision 7 of section 384-b of the Social Services Law provides that a parent’s rights to the custody of his or her child may be terminated upon a judicial determination that the child is permanently neglected. A child may be found permanently neglected within the meaning of the section if it is shown that the parent “failed for a period of more than one year following the date the child came into the care of an authorized agency ‘substantially and continuously or repeatedly to maintain contact with or plan for the future of the child, although physically and financially able to do so, notwithstanding the agency’s, diligent efforts to encourage and strengthen the parental relationship’” (Matter of Hime Y., 54 NY2d 282, 284-285, citing Social Services Law, § 384-b, subd 7, par [a]). The duty imposed upon the agency to make diligent efforts to foster the parental relationship “reflects a cultural judgment that society should not terminate the parent-child relationship unless it has first attempted to strengthen it” (Matter of Leon RR, 48 NY2d 117, 126). The statute defines “diligent efforts” as including but not limited to consultation and cooperation with the parent or parents in developing a plan for the child as well as providing services to the parents so *563 that problems preventing the discharge of the child from care may be resolved or ameliorated (Social Services Law, § 384-b, subd 7, par [f], els [1], [3]).
In November, 1972, respondent was found wandering the streets of New York City with her two infant children. Respondent was required to be hospitalized and, presumably because of this circumstance, the Bureau of Child Welfare assumed care of the children. Eventually, the children came into the care of Talbot Perkins Children’s Services, the petitioner agency. Between December 11, 1974, when a neglect petition had been accepted, and March, 1977, some attempts to work with the respondent to develop a plan for the children were made by petitioner. During the time the children were placed with the agency, it was aware that respondent was suffering from some degree of mental illness. The record indicates that respondent was briefly hospitalized in 1975 at the South Beach Psychiatric Center and was then referred to a therapist in New York City. Her course of treatment apparently ended during this period when she moved to her father’s residence in New Jersey.
Throughout the period during which the agency was charged with strengthening the parental relationship, social workers attempted to keep informed of some of the psychiatric care which respondent was receiving from independent sources, but the record shows that the agency apparently did little to channel her toward appropriate psychiatric care when she strayed from her treatments. Additionally, the agency had little or nothing to do with the treatment she received during this period. At one point a psychiatrist for the agency did interview respondent, but the record indicates that this was nothing more than a diagnostic interview and did little, if anything, to help respondent to overcome her mental disorders.
In view of the agency’s failure to take steps to channel respondent toward appropriate treatment, Family Court concluded that the agency had failed in its obligation to make diligent efforts to strengthen the parental relationship. Thus, although Family Court also concluded that *564 respondent had failed to plan for the future of her children,[1] the court nevertheless dismissed the petition to terminate her custody and guardianship rights because of the agency’s “‘neglect in fulfilling its express statutory duty’ ” (Social Services Law, § 384-b, subd 7). The Appellate Division then affirmed the order of Family Court (83 AD2d 529).
Preliminarily, we note our belief that the statutory language requiring diligent efforts to strengthen the parental relationship before moving to terminate it may encompass, under appropriate circumstances, a duty on the part of the agency to direct the natural parent toward psychiatric treatment designed to remedy the obstacles barring family reunification. Whether this duty is activated under the circumstances and whether it is fulfilled are largely questions of fact. Significantly, in the present case we are confronted with affirmed factual findings that the respondent was suffering from certain psychiatric disorders and that the agency failed in its obligation to direct respondent toward appropriate treatment.[2]
The agency now maintains, however, that its failure to make diligent efforts to secure appropriate psychiatric care for respondent should not mandate the dismissal of the termination petitions, because any efforts the agency might have made would, in the agency’s opinion, have been futile. In support of this argument, the agency notes that respondent exhibited uncooperative behavior while at the South Beach Psychiatric Center, that before seeing the *565 agency’s psychiatrist she canceled two appointments and failed to keep another, and that she became traumatized during one of her numerous contacts with the agency’s social workers.
We agree with the conclusion of Family Court that the agency could not, in this instance, simply predetermine that any further efforts on its part to ensure that respondent received appropriate treatment would have been futile. As that court noted, the agency’s “ ‘neglect in fulfilling its express statutory duty cannot be excused or justified because it would have been difficult or burdensome for it to undertake [diligent] efforts due to [respondent’s] predicaments’ ” (citing Matter of Anita “PP”, 65 AD2d 18, 22). The agency’s argument is particularly unconvincing in this instance, where it is conceivable that respondent’s resistance to psychiatric treatment, as claimed by petitioner, could stem in part from her existing psychiatric problems. Since we sit in this case to pass upon questions of law alone, in order to reverse and uphold the termination petition upon petitioner’s argument we would be required to conclude that the agency had made “diligent efforts” as a matter of law. We cannot reach such a conclusion of law on the record in this case.
Similarly, we find the Law Guardian’s additional arguments to be without merit. The Law Guardian maintains, primarily, that further efforts by the agency to secure psychiatric care for respondent should be excused as unnecessary because these services were already being provided to respondent by some independent sources. Of course, an agency should not be required to secure services for a parent which are merely duplicative of those already being received. In this instance, however, we are presented with no acceptable evidence or factual finding that the agency’s efforts would have been duplicative. In fact, the record itself provides scant details of the psychiatric care which respondent actually received, and we cannot conclude as a matter of law that respondent received psychiatric care appropriate for the goal of family reunification.
Accordingly, in the face of an affirmed finding of fact that the agency failed to undertake diligent efforts to *566 strengthen and encourage the parental relationship, we conclude that the order of the Appellate Division should be affirmed, with costs.

. The only issues of merit before the Family Court were whether respondent had failed to plan for the future of her children and whether the agency had undertaken diligent efforts to strengthen and encourage the parental relationship. It is not disputed that the mother, during the children’s placement, had maintained contact with the agency and the children through visits, consistent correspondence and telephone calls.

. Contrary to the view expressed in the dissenting opinion, we do not today apply a test which is inconsistent with the legislative standard for the termination of parental rights. It is clear that the term “diligent efforts” is defined by statute as requiring reasonable attempts to develop and encourage a meaningful relationship between parent and child and making provision for services and other assistance to the parent so that problems preventing discharge of the child from care may be resolved (Social Services Law, § 384-b, subd 7, pars [a], [f]). Where we are presented with an affirmed finding of fact that the legislative standard was not met, it is beyond the power of this court to make new factual findings to support a result contrary to the determinations below.