## (April 21, 1983)

■ In the Matter of KIMBERLY MARIE DD., Alleged to be a Permanently Neglected Child. JOSEPH P. MENALDINO, as Commissioner of the Warren County Department of Social Services, Respondent; ROSE DD., Appellant. — Appeal from an order of the Family Court of Warren County (Katz, J.), entered August 25, 1981, which adjudged Kimberly Marie DD. to be permanently neglected pursuant to article 6 of the Family Court Act. Respondent Rose DD. is the mother of Kimberly Marie DD., born on November 6, 1977 and, although unmarried, respondent lives together with the father of the child and they hold themselves out as husband and wife. In May, 1978, Kimberly was admitted to a hospital with a diagnosis of a fractured leg and other injuries consisting of bruises and contusions. Following a hearing before the Warren County Family Court in June, 1978 wherein an allegation of neglect was admitted, it was ordered that the child be placed with petitioner commissioner for a period not to exceed 18 months. In February, 1980, placement was extended for an additional 12 months without objection by respondent. With the consent of respondent, placement was again extended in February, 1981. After a fact-finding hearing pursuant to a petition seeking the termination of parental rights based on permanent neglect, the court found that the child was permanently neglected. A subsequent dispositional hearing was conducted and the court thereafter terminated respondent's parental rights and transferred custody to the Warren County Department of Social Services for purposes of having the child adopted. This appeal ensued. In order to support a finding that the child was permanently neglected within the meaning of section 384-b (subd 7, par [a]) of the Social Services Law, it must be demonstrated that respondent failed for a period of more than one year following the date the child came into petitioner's care "substantially and continuously or repeatedly to maintain contact with or plan for the future of the child, although physically and financially able to do so, notwithstanding the agency's diligent efforts to encourage and strengthen the parental relationship". Although the court found that permanent neglect had been established by a fair preponderance of the evidence, this court will review the evidence in the record under the clear and convincing evidence standard required by *Santosky v Kramer* (455 US 745) (*Matter of Michael B.,* 58 NY2d 71, 72-73). Initially, we would note that the father of the child did not appear at the fact-finding or dispositional hearings held in this proceeding and has not appealed from the order terminating his parental rights. Evidence was presented demonstrating that respondent vis-

ited the child on only 10 occasions during the approximately 29-month period between the time the child came into petitioner's care and the date this proceeding was commenced; that during the first year following the child's placement with petitioner, respondent visited the child once; that during the period in question respondent lived in several counties in this State and in the Commonwealth of Pennsylvania and her stay in each area was of limited duration; that while the child's father did obtain temporary employment on occasion, a substantial part of the time he and respondent received public assistance; that although the Department of Social Services devised a plan to provide for the child's future with respondent, compliance with the plan on the part of respondent was minimal at best; and that little or no effort was made by respondent to formulate a realistic plan for the return of the child. Based upon our review of the entire record, we are of the opinion that clear and convincing evidence in the record supports the Family Court's determination that the child is permanently neglected and, therefore, the order should be affirmed (see *Matter of John AA.*, 89 AD2d 738; *Matter of Janet AA.*, 88 AD2d 670). Order affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.