■ In the Matter of FRANCES T. et al., Alleged to be Permanently Neglected Children. DELAWARE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; WILLIAM T. et al., Appellants. — Appeals from orders of the Family Court of

Delaware County (Farley, J.), entered March 4, 1982 and August 23, 1982, which found three of respondents' children to be permanently neglected and terminated respondents' parental rights. Three of respondents' children, Michael, Carol and Frances, were voluntarily placed in foster care in September, 1979. Following a fact-finding hearing, the court found that these children were permanently neglected within the meaning of section 384-b of the Social Services Law and signed an order to that effect dated January 15, 1982. A dispositional hearing was then conducted and, by order entered March 4, 1982, custody of the children was transferred to petitioner. In a subsequent decision constituting an order, the court upon review found the evidence to be clear and convincing, satisfying the standards required by the Supreme Court in *Santosky v Kramer* (455 US 745), and the amendments to the Social Services Law enacted by the Laws of 1982 (ch 123, § 1). Respondents have appealed from these latter two orders. Initially, it is argued that the court's determination of permanent neglect is not supported by clear and convincing evidence. A finding of permanent neglect requires a showing that a parent has failed for a period of more than one year following the placement of a child with an authorized agency to substantially and continuously or repeatedly to maintain contact with or plan for the future of the child, although physically and financially able to do so, notwithstanding the agency's diligent efforts to encourage and strengthen the parental relationship (Social Services Law, § 384-b, subd 7, par [a]). The record reveals that between June 20, 1980 and June 9, 1981 respondents failed to visit the children and thereafter they visited the children on only three occasions; that petitioner offered various services to respondents but respondents made little use of such services; that respondents moved several times during the period in question which frustrated petitioner's attempts to strengthen the parental relationship; that although several letters were sent by petitioner to respondents urging visitation, respondents' co-operation was minimal in this regard; and that respondents' conduct was devoid of any effort to formulate a realistic plan for the return of the children. We are of the opinion, based upon examination of the record, that the court's finding that the three children were permanently neglected is supported by clear and convincing evidence and, therefore, should not be disturbed (see *Matter of Kimberly Marie DD.*, 93 AD2d 919). Respondents also contend that section 384-b of the Social Services Law violates both their due process and equal protection rights. These constitutional arguments are raised for the first time on appeal and without notice to the Attorney-General. Accordingly, they are not properly before this court (Executive Law, § 71; *Matter of Robert S. T.*, 86 AD2d 748; *Matter of Gary A.*, 60 AD2d 927). Upon review of the record, we also reject respondents' contention that the transfer of custody to petitioner is not in the best interests of the children. The orders, therefore, must be affirmed. Orders affirmed, without costs. Mahoney, P.J., Sweeney, Casey, Mikoll and Weiss, JJ., concur.