■ In the Matter of CHARLOTTE II., Alleged to be a Permanently Neglected Child. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CATHERINE JJ., Appellant. — Appeal from an order of the Family Court of Clinton County (Feinberg, J.), entered July 22, 1981, which adjudicated Charlotte II. to be a permanently neglected child and terminated respondent's parental rights. Respondent mother contends that the evidence in the record does not support the trial court's finding of permanent neglect. We note initially that although this matter was tried and decided before the United States Supreme Court rendered its decision in *Santosky v Kramer* (455 US 745), the trial court found the evidence sufficient not only under the fair preponderance standard prescribed by statute (Family Ct Act, § 622), but also under the more rigorous clear and convincing evidence standard mandated by *Santosky v Kramer* (*supra*). We agree. There is overwhelming proof that respondent failed to plan for the future of her child, although physically and financially able to do so (Social Services Law, § 384-b, subd 7, pars [a], [c]). Respondent was required to formulate and to act to accomplish a feasible and realistic plan (*Matter of Orlando F.*, 40 NY2d 103, 110-111). While the adequacy of a parent's plan should not be determined by reference to unrealistically high standards (*Matter of Leon RR*, 48 NY2d 117, 125), there must be some attempt to formulate and act upon a practical plan for the child's future, including a method for coping with the problems created by the child's prolonged separation from respondent and the strong psychological ties that the child has formed with her foster parents (*Matter of John AA*, 89 AD2d 738, 740, mot for lv to app den 58 NY2d 605). Respondent made no such plan. For example, after a prolonged period of separation during which respondent's contacts with her child were limited to occasional cards, letters, telephone calls and infrequent visits, respondent was unable, despite advice and encouragement from petitioner, to cope with, or even to recognize, the problems created by the absence of a true parent-child relationship between respondent and her child. Accordingly, the visits were often stressful for the child and petitioner was required to place certain restrictions on the visits to protect the child. In addition, during the period of time covered by the trial testimony, respondent made numerous and frequent changes of residence, evidencing her inability to establish a stable home (see *Matter of Candie Lee W.*, 91 AD2d 1106, 1108). It is clear from the record that respondent was unable to project a future course of action for herself and made no viable effort to plan for her child's future. Turning next to the question of petitioner's diligent efforts to encourage and strengthen the parental relationship (Social Services Law, § 384-b, subd 7, par [a]), we find

clear and convincing evidence in the record to support Family Court's finding that such efforts were made. As distinguished from *Matter of Leon RR (supra)*, upon which respondent relies, the agency herein did not hinder respondent's efforts to maintain contact with her child or plan for her future. On the contrary, the agency took whatever steps it could to assist her. It must be noted that respondent was absent from the State for a substantial portion of the time and that upon her return to the State she lived at various residences in neighboring counties, despite petitioner's repeated advice that she return to Clinton County so that she would be closer to her child and eligible for the various services offered by the agency. The record shows that the petitioner acted in good faith and made sincere efforts to rekindle the parent-child relationship and to assist and encourage respondent to plan for the return of her child. It abandoned these efforts and sought to free the child for adoption only after years without any corresponding effort by respondent to formulate or act upon a realistic plan for the future of her child. Since Family Court's finding of permanent neglect is supported by clear and convincing proof in the record, its order should be affirmed. Order affirmed, without costs. Sweeney, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.