■ In the Matter of TRACY O. and Others, Alleged to be Permanently Neglected Children. CHEMUNG COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CLARA P., Appellant.— Levine, J. Appeal from an order of the Family Court of Chemung County (Danaher, Jr., J.), entered January 30, 1985, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate Tracy O., Lasandra O. and Sheri P. permanently neglected children and terminated respondent's parental rights.

In November of 1982, an order was granted by consent finding that three of respondent's four children were neglected and placing the children in foster care for a period of 18 months. Included in the order were conditions for the return of respondent's children to her care, to wit, that respondent (1) visit the children at least once per week; (2) keep appointments with her caseworker; (3) attend parenting classes every week; (4) attend an alcohol and drug rehabilitation program; and (5) obtain proper housing. When respondent allegedly failed to meet these conditions, petitioner filed a permanent neglect petition in June of 1984. After a hearing, Family Court adjudicated the children permanently neglected and transferred guardianship and custody to petitioner.

On appeal, respondent contends that the determination was not supported by clear and convincing evidence. We disagree. Permanent neglect within the meaning of Social Services Law § 384-b (7) (a) may be found when a parent "has failed for a period of more than one year following the date [the children] came into the care of an authorized agency substantially and continuously or repeatedly to maintain contact with or plan for the future of the [children]", despite the agency's "diligent efforts to encourage and strengthen the parental relationship".

The record demonstrates by clear and convincing evidence that respondent failed to plan for the future of her children. To meet this responsibility, respondent was charged with formulating and acting to accomplish a feasible and realistic plan (see, Social Services Law § 384-b [7] [c]; Matter of Orlando F., 40 NY2d 103, 110-111). At a minimum, she was required to take steps to correct the conditions that led to the removal of her children and to utilize social and rehabilitative services provided for that purpose (see, Social Services Law § 384-b [7] [c]; Matter of Jamie M., 63 NY2d 388, 393; Matter of John AA., 89 AD2d 738, 740). To aid respondent in maintaining contact, petitioner arranged for respondent to visit her children every week and she was given transportation tokens for

that purpose. Yet, of the 101 opportunities for visitation, she actually went to see her children 24 times. Respondent was enrolled in a parenting class but attended only seven classes over the course of two years, several times while under the influence of alcohol. There was testimony at the hearing to the effect that respondent had continuing drug and alcohol problems. However, she was dropped from an alcoholism rehabilitation program after repeatedly failing to keep scheduled appointments. Additionally, although respondent was receiving public assistance, she variously stated to caseworkers that she was living with friends and with a boyfriend, but often left either no forwarding address or an incorrect address, thus hindering attempts to contact and help her.

With regard to petitioner's duty to encourage and strengthen the parental relationship, there was uncontested proof that from May of 1982 petitioner actively sought to provide respondent with relevant social services and consistently attempted to prod her into using such services and to visit her children (see, Matter of John AA., supra, p 739). Respondent's continued failure to utilize those services to overcome her predicament is not chargeable to petitioner. "[A]n agency that has embarked on a diligent course but faces an utterly un-co-operative or indifferent parent should nevertheless be deemed to have fulfilled its duty" (Matter of Sheila G., 61 NY2d 368, 385).

We have examined respondent's remaining contentions and find them to be similarly without merit.

Order affirmed, without costs. Mahoney, P. J., Kane, Weiss, Mikoll and Levine, JJ., concur.