■ In the Matter of IAN II., Alleged to be a Permanently

Neglected Child. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; GERALDINE JJ., Respondent.—Mercure, J. Appeal from an order of the Family Court of Tompkins County (Barrett, J.), entered December 1, 1989, which dismissed petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate Ian II. a permanently neglected child.

Petitioner removed respondent's six-month-old son, Ian, from her home during March 1987. During the next several months, respondent worked with petitioner to get Ian back by meeting regularly with caseworkers, attending parenting classes and Alcoholics Anonymous meetings, and enrolling at Tompkins Cortland Community College. Nonetheless, at the conclusion of a dispositional hearing in January 1988, Family Court continued Ian's foster-care placement for three months. Sometime between February 28, 1988 and March 2, 1988, respondent left a letter with Ian's foster parents expressing her discouragement at her failed efforts to get Ian back and, in effect, stating that she was leaving Ian with the foster parents for good. Thereafter, respondent's whereabouts were unknown to petitioner and the foster parents for more than a year until she appeared in Family Court on March 13, 1989.

Petitioner then filed this petition seeking, *inter alia,* to adjudicate Ian a permanently neglected child. Respondent testified that she first went to Florida in March 1988 for two weeks, then to Kentucky for six months and eventually to her mother's house in Ontario County. Respondent also testified that she did not telephone or write Ian's foster parents because she lost their phone number and address. After the fact-finding hearing, Family Court determined that "[i]t would be unfair to find that [r]espondent, a young mother, abandoned her child or failed to plan for her child under such circumstances", concluded that "[p]etitioner has not shown by clear and convincing evidence that the natural parent cannot or will not provide a normal family home for her child" and dismissed the petition. Petitioner and Ian's Law Guardian appeal.

There must be a reversal. A determination of permanent neglect may be based upon a finding of either the statutory failure to substantially and continually maintain contact or failure to plan *(see,* Social Services Law § 384-b [7] [a]; *Matter of Orlando F.,* 40 NY2d 103, 110). There is uncontroverted evidence here that respondent did not contact Ian for more than a year and, thus, the statutory requirement for permanent neglect has been met by clear and convincing evidence

*(see, Matter of Snyder,* 88 AD2d 772, 773; *cf., Matter of Amber W.,* 105 AD2d 888, 891; *see also,* Family Ct Act § 614 [1] [d]). Contrary to respondent's assertion, it has been demonstrated that she was physically and financially able to contact the child *(see, Matter of Ikem B.,* 73 AD2d 359, 363; *see also, Matter of Catholic Child Care. Socy.,* 112 AD2d 1039, 1040). Although petitioner is required to make "diligent efforts to encourage and strengthen the parental relationship" (Social Services Law § 384-b [7] [a]), such a showing is not required where, as here, respondent failed to keep it "apprised of * * * her location" (Social Services Law § 384-b [7] [e] [i]; *see, Matter of Melanie Ruth JJ,* 76 AD2d 1008, 1009, *lv denied* 51 NY2d 710).

Moreover, respondent's complete absence from Ian's life also constitutes a failure to plan for the future of her child *(see,* Social Services Law § 384-b [7] [a], [c]). The overwhelming proof that respondent failed to "formulate and act upon a practical plan for the child's future" provides an independent basis for a finding of permanent neglect *(Matter of Charlotte II.,* 98 AD2d 859; *Matter of Ikem B., supra,* at 364-365). Inasmuch as Family Court's findings of fact warranted an adjudication of permanent neglect, it was error to dismiss the petition *(see, Matter of Hime Y.,* 54 NY2d 282).

Order reversed, on the law, without costs, petition granted, Ian II. determined to be a permanently neglected child, and matter remitted to the Family Court of Tompkins County for a dispositional hearing. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.