■ In the Matter of ANTHONY S. and Another, Children Alleged to be Permanently Neglected. SCHUYLER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; RUTH S., Appellant. [723 NYS2d 251] —Lahtinen, J. Appeal from an order of the Family Court of Schuyler County (Argetsinger, J.), entered June 18, 1999, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's children to be permanently neglected, and terminated respondent's parental rights.

Respondent is the mother of Anthony S. (born in 1990) and Olivia S. (born in 1993).[1] In January 1995, Anthony and Olivia were adjudicated by Family Court to be neglected by respondent. Anthony was placed in the custody of petitioner while Olivia and another sibling were released to respondent under petitioner's supervision. In April 1995, Family Court placed Olivia, who had sustained a spiral leg fracture in February 1995 while in respondent's care, in the custody of petitioner. Olivia was placed in foster care with Anthony where they have remained, their placement having been extended annually by Family Court.

In November 1998, petitioner commenced this proceeding pursuant to Social Services Law § 384-b seeking to have Anthony and Olivia adjudicated permanently neglected by respondent. At the outset of the fact-finding hearing, all parties agreed that the issue was whether respondent had failed to plan for the future of the children (*see,* Social Services Law § 384-b [7]). At the conclusion of that hearing, Family Court adjudicated the children to be permanently neglected. Following a dispositional hearing, Family Court terminated respondent's parental rights. Respondent appeals.

---

1. Respondent has three other children.

On appeal, respondent argues that application of Family Court Act § 614 and Social Services Law § 384-b (7) denied her procedural due process under the United States and New York Constitutions, petitioner's proof went outside the scope of the issue stipulated to by the parties, the proof consisted of improper hearsay, opinions and conclusions contained in business records admitted into evidence, she was denied substantive due process during the dispositional hearing and her efforts to plan for the future of the children were ignored by Family Court.

Turning first to respondent's constitutional due process challenge to the application of Family Court Act § 614 and Social Services Law § 384-b (7) (a)[2] to this proceeding, particularly her challenge to that portion of the latter statute that requires a parent to "plan for the future of the child," we reject her argument that said portion of that statute is unconstitutionally vague because it fails to provide definitional guidelines. Not only is the phrase "to plan for the future of the child" statutorily defined in Social Services Law § 384-b (7) (c), the courts of this State have repeatedly construed and applied the meaning of that portion of the statute (*see, Matter of Star A.*, 55 NY2d 560, 562; *Matter of Hime Y.*, 54 NY2d 282, 286-287; *Matter of Orlando F.*, 40 NY2d 103, 110-111; *Matter of Ian II.*, 173 AD2d 898, 900; *Matter of Jennifer VV.*, 99 AD2d 882, 883; *Matter of Carl N.*, 91 Misc 2d 738), and such authoritative construction is dispositive of respondent's due process challenge to the statute on the ground of vagueness (*see, Wainwright v Stone*, 414 US 21, 22-23).

Respondent next argues that Family Court erroneously permitted petitioner to introduce proof unrelated to her failure to plan for her children's future during the fact-finding hearing. Initially, we note that respondent requested that Family Court take judicial notice of all prior Family Court proceedings involving these children, thereby squarely placing that court's orders directing respondent to participate in various services and programs before the court in this proceeding. We also note that petitioner has the threshold burden of demonstrating by clear and convincing evidence that it exercised diligent efforts to encourage and strengthen the parental relationship (*see, Matter of Kaitlyn R.*, 279 AD2d 912; *Matter of Jesus JJ.*, 232 AD2d 752, 753, *lv denied* 89 NY2d 809) by providing respon-

---

**2.** Family Court Act § 614 provides for the origination of a proceeding for the commitment of a permanently neglected child. Social Services Law § 384-b (7) (a) defines a permanently neglected child and sets forth the requirements for a determination that a child is permanently neglected.

dent with counseling, suitable arrangements for visitation with the children, assistance in resolving the problems which caused her separation from her children and advising her of the progress and development of the children (*see,* Social Services Law § 384-b [7] [f]; *Matter of Star Leslie W.,* 63 NY2d 136, 142; *Matter of Matthew YY.,* 274 AD2d 685, 686; *Matter of Jesus JJ., supra,* at 753). Family Court correctly allowed such proof and properly considered it, since a judicial determination of whether a parent has failed to plan for the future of her children involves an assessment of whether the parent utilized available services or cooperated with petitioner (*see, Matter of Princess C.,* 279 AD2d 825, 826).

Respondent further argues that Family Court erred by considering petitioner's proof that was contained in uniform case review plans admitted into evidence, claiming that they contained hearsay, opinions and conclusions. However, respondent stipulated to the receipt of the case review plans in evidence without exception or objection and may not now be heard to complain about their admissibility (*see, e.g., People v Gray,* 86 NY2d 10, 20-21). Nevertheless, the information contained in the case review plans was provided by petitioner's witnesses, who testified regarding the services provided for respondent including vocational training, GED courses, parenting classes, in-home parenting training, mental health counseling, domestic violence intervention and financial assistance, and also testified concerning respondent's sporadic visitation with her children who lived in the same foster home. Such testimony provided a starting point for Family Court's evaluation of petitioner's efforts to reunite respondent with her children and respondent's progress toward that goal. Furthermore, respondent's counsel was allowed to thoroughly question these witnesses and subject their opinions and conclusions to the crucible of cross-examination. On this record, we find Family Court's consideration of the case review plans proper.

Respondent next argues that Family Court's dispositional order violated her right to substantive due process by failing to establish that the consequence of returning the children to respondent was more severe than terminating her parental rights. Our statutes require no such finding by Family Court. Additionally, the record of the dispositional hearing clearly shows that Family Court weighed all the available dispositional alternatives for the children (*see,* Family Ct Act § 631) and properly determined that it would be in their best interests to be freed for adoption (*see,* Social Services Law § 384-b [1] [a] [i]),

a conclusion in which the Law Guardian fully concurred at trial and continues to do so on this appeal.[3]

Finally, we reject respondent's claim that Family Court ignored her efforts to plan for the future of the children. The record reveals that respondent failed to complete any vocational training offered to her, twice started and dropped out of GED programs, stopped mental health counseling because she felt "put down," did not cooperate with or follow through on parenting classes or in-home parenting training, failed to attend even half of her scheduled visits with the children for the years 1996, 1997 and 1998, remained in a physically abusive marital relationship where the domestic violence sometimes took place in front of the children and initially made arrangements for housing which did not have a working water supply and, when that fell through, rented an apartment with an inadequate number of bedrooms. While respondent testified that she would undertake whatever program was necessary to have her children returned to her, her demonstrated failure to plan for the children's future during their 4½ years of foster care fully supports Family Court's determination to terminate respondent's parental rights and free the children for adoption.

Cardona, P. J., Crew III, Peters and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.

---

**3.** We note that respondent's motion to have this Court disregard the Law Guardian's letter, submitted to us in lieu of a brief, was denied.