Matter of Callie H. (Taleena W.) (2019 NY Slip Op 01997)





Matter of Callie H. (Taleena W.)


2019 NY Slip Op 01997


Decided on March 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


1410 CAF 17-00999

[*1]IN THE MATTER OF CALLIE H. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; TALEENA W., RESPONDENT-APPELLANT.






WILLIAM D. BRODERICK, JR., ELMA, FOR RESPONDENT-APPELLANT. 
AMBER R. POULOS, BUFFALO, FOR PETITIONER-RESPONDENT.
DAVID C. SCHOPP, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (RICHARD L. SULLIVAN OF COUNSEL), ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Erie County (Lisa Bloch Rodwin, J.), entered May 18, 2017 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, terminated respondent's parental rights to the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Social Services Law
§ 384-b, respondent mother contends that Family Court erred in terminating her parental rights with respect to the subject child on the ground of permanent neglect. We reject that contention. Contrary to the mother's contention, petitioner met its "burden of establishing by clear and convincing evidence that it made diligent efforts to encourage and strengthen the relationship between the mother and [the child] by providing services and other assistance aimed at ameliorating or resolving the problems preventing [the child's] return to [the mother's] care" (Matter of Savanna G. [Danyelle M.], 118 AD3d 1482, 1483 [4th Dept 2014] [internal quotation marks omitted]; see Matter of Alexander S. [David S.], 130 AD3d 1463, 1463 [4th Dept 2015], lv denied 26 NY3d 910 [2015], lv denied and appeal dismissed 26 NY3d 1030 [2015], rearg denied 26 NY3d 1132 [2016]). Initially, we note that the mother does not challenge the efforts that petitioner put forth before she was incarcerated. With respect to the time during which the mother was incarcerated, it is well settled that an agency seeking to terminate the parental rights of an incarcerated parent may fulfill its duty to make such diligent efforts by, inter alia, "apprising the incarcerated parent of the child's well-being, developing an appropriate service plan, investigating possible placement of the child with relatives suggested by the parent, responding to the parent's inquiries and facilitating telephone contact between the parent and child" (Matter of James J. [James K.], 97 AD3d 936, 937 [3d Dept 2012]; see Matter of Hailey ZZ. [Ricky ZZ.], 19 NY3d 422, 430 [2012]; Matter of Caidence M. [Francis W.M.], 162 AD3d 1539, 1539-1540 [4th Dept 2018], lv denied 32 NY3d 905 [2018]). The record here establishes that petitioner engaged in those diligent efforts with the exception of facilitating telephone contact inasmuch as the child was too young to communicate by telephone. We reject the mother's contention that petitioner failed to arrange visitation while she was incarcerated (see generally Hailey ZZ., 19 NY3d at 429) inasmuch as the record establishes that the mother's family arranged for her to have five personal visits with the child after the commencement of her incarceration, and "[o]f course, an agency should not be required to secure services for a parent which are merely duplicative of those already being received" (Matter of Star A., 55 NY2d 560, 565 [1982]).
Contrary to the mother's further contention, petitioner established that, despite its diligent [*2]efforts, the mother failed to plan appropriately for the child's future (see Matter of Jerikkoh W. [Rebecca W.], 134 AD3d 1550, 1551 [4th Dept 2015], lv denied 27 NY3d 903 [2016]). The record demonstrates that the mother failed to "provide any realistic and feasible alternative to having the child[ ] remain in foster care until the [mother's] release from prison . . . [, which] supports a finding of permanent neglect" (Matter of Alex C., Jr. [Alex C., Sr.], 114 AD3d 1149, 1150 [4th Dept 2014], lv denied 23 NY3d 901 [2014] [internal quotation marks omitted]). Additionally, and of critical importance, we conclude that, "[a]lthough the mother participated in the services offered by petitioner, she did not successfully address or gain insight into the problems that led to the removal of the child and continued to prevent the child's safe return" (Matter of Giovanni K., 62 AD3d 1242, 1243 [4th Dept 2009], lv denied 12 NY3d 715 [2009]; see Matter of Michael S. [Kathryne T.], 162 AD3d 1651, 1652 [4th Dept 2018], lv denied 32 NY3d 906 [2018]; Matter of Jayveon S. [Timothy S.], 158 AD3d 1283, 1283-1284 [4th Dept 2018], lv denied 31 NY3d 908 [2018]).
Finally, the mother contends that the court erred in admitting in evidence at the hearing certain records of petitioner on the ground that they contain double hearsay. We are unable to review that contention because the mother has failed to identify any alleged instances of double hearsay (see Matter of Alyshia M.R., 53 AD3d 1060, 1061 [4th Dept 2008], lv denied 11 NY3d 707 [2008]).
Entered: March 15, 2019
Mark W. Bennett
Clerk of the Court