◼ In the Matter of DAVID BERKOWITZ. DORIS JOHNSEN, Respondent-Appellant; CRIME VICTIMS COMPENSATION BOARD, Appellant-Respondent.— Order of the Supreme Court, Kings County, dated April 30, 1979, affirmed, without costs or disbursements, on the opinion of Mr. Justice Ventiera at Special Term. Gulotta, J. P., Cohalan, Margett and O'Connor, JJ., concur. [103 Misc 2d 823.]

◼ In the Matter of KLAUS K. CHARLES W. BATES, as Commissioner of the Westchester County Department of Social Services, Appellant; EDDA K., Respondent.—In a proceeding by the Commissioner of the Westchester County Department of Social Services to have the guardianship and custody of Klaus K. committed to said agency, the appeal is from so much of an order of the Family Court, Westchester County, dated July 25, 1979, as dismissed the petition and directed "that the Department of Social Services undertake to structure a visitation schedule, under supervision, as soon as possible." Order modified by deleting therefrom the provision dismissing the petition. As so modified, order affirmed insofar as appealed from, without costs or disbursements, and matter remanded to the Family Court for a hearing in accordance herewith. The issue on this appeal is whether the evidence before the Family Court established that the natural mother is presently and will for the foreseeable future be unable to care for her child. A finding that she is and will for the foreseeable future be so unable would result in the termination of her parental rights pursuant to section 384-b of the Social Services Law. In view of the fact that (1) the expert psychiatric evidence was inconclusive on the question of the natural mother's future ability to care for her child, and (2) a substantial amount of time has now passed since the expert psychiatric testimony was given, and the examinations upon which this testimony was based were held, we believe the best course is to remand for a new hearing at which time the natural mother's current condition can be determined. Rabin, J. P., Cohalan, Martuscello and Weinstein, JJ., concur.