■ In the Matter of JOHN R. BEAUDOIN, as Commissioner of Social Services of the County of Rensselaer, Respondent, v PETER SARINELLI et al., Appellants. — Appeal from an order of the Family Court of Rensselaer County (Dixon, J.), entered March 3, 1981, which directed respondents to pay $80 biweekly for the support of Donald Olthoff, Jr. This proceeding was instituted by the petitioner Commissioner of Social Services of Rensselaer County against the mother and stepfather of Donald Olthoff, Jr., seeking an order for support for contributing to the cost of care of the child who was allegedly voluntarily placed in the residential program at Vanderheyden Hall in Troy, New York, at a cost of $44.75 per day plus medical expenses. Following a hearing, the Family Court ordered respondents to contribute $80 biweekly for the child's support. This appeal ensued. Pursuant to section 415 of the Family Court Act and section 101 of the Social Services Law, the court was empowered to order the respondent stepfather to contribute to the support of his stepson. Respondents question the constitutionality of these sections on this appeal. This issue was not raised in the Family Court nor is there any indication in the record that notice was given to the Attorney-General. Consequently, the question is not properly before us (Executive Law, § 71; *Matter of Gary A.,* 60 AD2d 927). Respondents also argue that petitioner should be estopped from seeking support from the respondent stepfather on the basis of facts not properly presented in the record. We cannot now consider these averments and, therefore, respondents cannot succeed on this issue *(Kinney v Kinney,* 81 AD2d 942). We are also of the opinion that, contrary to respondents' assertions, the Family Court properly found that they possessed sufficient ability to pay for the child's support. Due to minor mathematical miscalculations, however, the Family Court overstated respondents' available income by $10 per month. Accordingly, the order should be modified so as to direct respondents to pay $75 biweekly instead of $80 biweekly. We have considered respondents' remaining arguments and find them unpersuasive. Order modified, on the facts, so as to direct respondents to pay $75 biweekly for the support of Donald Olthoff, Jr., and, as so modified, affirmed, without costs. Mahoney, P. J., Sweeney, Casey, Weiss and Herlihy, JJ., concur.