■ FRANK B. BRUSINO, Appellant, v BOARD OF EDUCATION, NIAGARA-WHEAT-FIELD CENTRAL SCHOOL DISTRICT, et al., Respondents. — Orders unanimously affirmed, without costs. Memorandum: We affirm essentially for the reasons stated at Special Term (Broughton, J.). We add only that *Matter of Savino v Bradford Cent. School Dist. Bd. of Educ.* (75 AD2d 994) is inapposite. In *Savino,* the position involved was that of district principal, one specifically included in chapter 436 of the Laws of 1975, which (in seeming conflict with the repeal in chapter 468 of the Laws of 1975 of authorization for contractual hiring) permitted the board of education, in its discretion, to enter into employment contracts with certain classes of employees. The position involved here is that of deputy superintendent, an office having a purely administrative function (see *Matter of Parsons,* 16 Ed Dept Rep 134). While administrators are specifically included in chapter 468 of the Laws of 1975, the provision removing authorization for contractual hiring, they are excluded in chapter 436 of the Laws of 1975. The omission is significant, and we conclude that the Legislature did not intend to authorize contracts with administrators on June 20, 1977, the date of the contract plaintiff seeks to enforce (see McKinney's Cons Laws of NY, Book 1, Statutes, § 240). (Appeal from orders of Supreme Court, Niagara County, Broughton, J. — breach of contract.) Present — Dillon, P. J., Hancock, Jr., Callahan, Doerr and Moule, JJ.

■ In the Matter of Guardianship and Custody of ROBERT S. T. ALEXANDRIA T., Appellant. — Orders unanimously affirmed, without costs. Memorandum: Respondent appeals from orders permanently terminating her parental rights and denying her motion for a new trial. The constitutional objections to section 384-b of the Social Services Law have not been properly presented for review since there was no notice to the Attorney-General (Executive Law, § 71; CPLR 1012, subd [b]; see, also, *Matter of Jerry v Board of Educ.,* 44 AD2d 198, 203). Were we to reach these issues however we would find them without merit (*Matter of Sylvia M.,* 82 AD2d 217). We further find that the Rehabilitation Act of 1973 (US Code, tit 29, § 794) is inapplicable. That law was intended to insure that benefits are not denied based on handicap. It was not designed to prevent the State from terminating parental rights in an appropriate case. Finally, Family Court did not abuse its discretion in denying a motion for a new trial based solely on an attorney's affidavit. (Appeal from orders of Monroe County Family Court, Corbett, J. — Social Services Law, § 384-b.) Present — Dillon, P. J., Hancock, Jr., Callahan, Doerr and Moule, JJ.

■ ARTHUR C. CAPERS et al., Appellants, v GENERAL CRUSHED STONE COMPANY, Respondent. (And a Third-Party Action.) — Judgment unanimously affirmed, without costs, upon the decision at Special Term, J. J. Conway, J. (Appeal from judgment of Supreme Court, Monroe County, J. J. Conway, J. — summary judgment.) Present — Dillon, P. J., Hancock, Jr., Callahan, Doerr and Moule, JJ.