■ In the Matter of DEDRICK M. — Order unanimously reversed, on the law and facts, without costs, and matter remitted to Monroe County Family Court for a new hearing. Memorandum: Appellant appeals from an order which terminated her parental rights on the ground of mental illness (Social Services Law, § 384-b, subd 4, par [c]), and contends that there was insufficient proof adduced at the fact-finding hearing to establish that she is presently and for the foreseeable future unable to provide proper and adequate care for her son. Because appellant refused to submit to a court-ordered psychiatric examination, the court-appointed psychiatrist testified about her mental illness and made a diagnosis and prognosis based on other available information including certain psychiatric reports which generally concerned the period from October, 1978 to April, 1979. The expert evaluated this data in October, 1980 and testified on June 9, 1981 that appellant has a schizophreniform type of personality disorder which he defined as a form of schizophrenia of limited duration of six months or less. He concluded that appellant "appears to be dangerous", that she is "incapable of mothering", that "the prognosis for improvement in the foreseeable future was poor", and that her resistance to psychiatric care and lack of family support were important considerations in his prognosis. Nonetheless, he also testified that appellant's psychotic illness, which had been exhibited through delusions and hallucinations, had not been documented to have existed for more than "four plus months". He defined the "foreseeable future" as "the next year" and said that "it's possible" that her illness could be in remission a year after his evaluation, that making a prognosis is difficult without "ongoing data" and a "clinical judgment", and that whether or not her condition will change "in another year would depend on an evaluation at that time with historical data of the interval". We cannot conclude that this testimony constitutes clear and convincing proof that appellant is presently and for the foreseeable future unable, by reason of mental illness, to provide proper and adequate care for her child. The expert psychiatric testimony was contradictory, confused, equivocal and inconclusive. Inasmuch as this was the only proof of mental illness adduced at the hearing, the Department of Social Services failed to sustain its burden of proof (see *Matter of Hime Y.*, 52 NY2d 242). Proof of appellant's mental illness was limited and the psychiatrist was rendered ineffectual because appellant did not submit to a psychiatric examination. She now indicates a willingness to cooperate. Since the ultimate concern of the statute is to obtain a custody disposition which is in the best interest of the child (see Social Services Law, § 384-b, subd 1; see, also, *Matter of Sylvia M.*, 82 AD2d 217, 234), we invoke our inherent power to order a new trial in the interest of justice (see *Matter of Klaus K.*, 77 AD2d 568; *Dries v Gregor*, 72 AD2d 231, 237; *Victor Catering Co. v Nasca*, 8 AD2d 5, 9). The agency should be afforded the opportunity at a new hearing to come forward with testimony bearing on appellant's mental illness and the results of a court-ordered psychiatric examination. If appellant continues to refuse to submit to such examination, the agency may then submit proof based on other available information (Social Services Law, § 384-b, subd 6, par [e]). In the event the deficiency in proof is not then supplied, the petition, insofar as it alleges mental illness, may be dismissed. We note that the petition sought to terminate parental rights on the additional ground of permanent neglect (Social Services Law, § 384-b, subd 4, par [d]), but that no proof on this ground was presented at the hearing. It is apparent that both Family Court

and the parties intended a bifurcated hearing on the petition. We have examined the other claims of appellant and find them to be without merit. Constitutional challenges to section 384-b of the Social Services Law raised for the first time on appeal and without notice to the Attorney-General are not properly before this court for review (see *Matter of Robert S. T.,* 86 AD2d 748; *Matter of Beaudoin v Sarinelli,* 83 AD2d 663). In any event, if we were to review these claims we would hold that this section does not violate appellant's right to due process or equal protection (see *Matter of Robert S. T., supra; Matter of Sylvia M., supra,* pp 234-235). Nor does this section violate the Rehabilitation Act of 1973 (see *Matter of Robert S. T., supra*). Accordingly, we reverse and remit this proceeding to Family Court for an immediate fact-finding hearing on both grounds of mental illness and permanent neglect. Family Court may order a severance and a separate hearing of these claims (CPLR 603; see *Morford v Sulka & Co.,* 79 AD2d 502). (Appeal from order of Monroe County Family Court, Willis, J. — terminate parental rights.) Present — Dillon, P. J., Simons, Doerr, Boomer and Schnepp, JJ.