### (August 5, 1982)

■ In the Matter of Jason YY. et al., Alleged to be the Children of Mentally Ill Parents. William R. Moon, as Commissioner of the Delaware County Department of Social Services, et al., Respondents; Joann YY., Appellant. — Appeals from orders of the Family Court of Delaware County (Farley, J.), entered March 17, 1981 and August 13, 1981, which, *inter alia,* terminated respondent Joann YY.'s parental rights by reason of her mental illness pursuant to section 384-b (subd 4, par [c]) of the Social Services Law. Petitioner William R. Moon, Commissioner of the Delaware County Department of Social Services, commenced this proceeding to terminate the parental rights of the respondent mother by reason of her mental illness and of the respondent father by reason of his permanent neglect. Following a fact-finding hearing and by decision and order dated March 17, 1981, the Family Court terminated the parental rights of the father but agreed to hold a dispositional hearing with respect to the mother's capability to care for the children. Subsequent to the dispositional hearing, the court terminated the parental rights of the mother by decision and order dated August 13, 1981. All parties appealed from the

March 17, 1981 order. Only the mother appeals from the August 13, 1981 order and she is the only appellant at this point.* The respondent mother first contends that petitioner failed to establish by clear and convincing evidence the elements necessary to terminate parental rights pursuant to section 384-b (subd 4, par [c]; subd 6, par [a]) of the Social Services Law. We disagree. Petitioner has established by clear and convincing proof that the mother's parental rights should be terminated by reason of her mental illness. There should be an affirmance. To prevail in a proceeding to terminate parental rights by reason of mental illness, it must be shown by clear and convincing proof (*Matter of Hime Y.*, 52 NY2d 242) that: "[t]he parent or parents * * * are presently and for the foreseeable future unable, by reason of mental illness * * * to provide proper and adequate care for a child who has been in the care of an authorized agency for the period of one year immediately prior to the date on which the petition is filed in the court" (Social Services Law, § 384-b, subd 4, par [c]). "Mental illness", as used in this section, is defined as: "an affliction with a mental disease or mental condition which is manifested by a disorder or disturbance in behavior, feeling, thinking or judgment to such an extent that if such child were placed in or returned to the custody of the parent, the child would be in danger of becoming a neglected child as defined in the family court act" (Social Services Law, § 384-b, subd 6, par [a]). The record establishes that the mother's mental condition, diagnosed as schizophrenia by Doctor Boldt, a psychiatrist, is such that returning her children would place them in imminent danger of becoming neglected children and that this mental condition would continue in the foreseeable future. In the proceeding in Family Court, Dr. Boldt testified that, on the basis of his examination of the mother, he did not feel that she was capable of anticipating situations harmful to the children and of responding in an appropriate manner and that she was likely to become a physical and emotional danger to her children. He also stated that it was his opinion that, considering the degree of instability shown by the mother, the "emotional condition of the children, their capacity to adjust in a reasonable fashion to the community would be threatened." Further, Dr. Boldt testified that although the mother does not presently require hospitalization and that she is able to function in the community within the constraints of her mental condition, he felt that she was incapable of caring for herself emotionally, much less for her children. She was unable to give him any consistent plan for caring for the children and her attitude towards them was described as "just weeping." Testimony from the caseworkers is consistent with the view expressed by Dr. Boldt. They portrayed respondent as a woman who has continual emotional ups and downs which affect her ability to care for herself and her children. Further, her history indicates that the disease has persisted for over 14 years. The only contradictory evidence was the testimony of the mother which the Family Court found insufficient. Petitioner has also sustained its burden of showing by clear and convincing evidence that the mother's illness is such that the children would be in imminent danger of becoming neglected children as that term is defined in the relevant provisions of the Family Court Act (Family Ct Act, § 1012, subd [f], par [i]; see *Matter of Sylvia M.*, 82 AD2d 217). Dr. Boldt was of the opinion that it was "possible" that there would be a danger of the mother failing to provide food, clothing and shelter and that petitioner would not necessarily be able to prevent this as the mother's periods of exacerbation are not predictable. The mother's contention that the decision of the Family Court terminating parental rights is adverse to the best interests of the children is not supported by the proof. The report of petitioner recognized the need of the children for a more permanent home than that provided by

* The father's motion to withdraw his appeal was granted by this court on February 3, 1982. The issue raised on the department's appeal is not being pursued.

foster care. As the mother is incapable now or in the foreseeable future of caring for her children, the children's best interests would appear to be served by termination of the mother's parental rights and freeing them for adoption and the possibility of a more permanent home. Respondent's challenge to the constitutionality of section 384-b (subd 4, par [c]) of the Social Services Law is without merit (see *Matter of Nereida S.*, 57 NY2d 636). Orders affirmed, without costs. Sweeney, J. P., Kane, Main, Mikoll and Yesawich, Jr., JJ., concur.