■ In the Matter of TONYA LOUISE M., and Another. — Order unanimously affirmed, without costs. Memorandum: The finding by Family Court that respondent "is mentally retarded within the meaning of the statute [Social Services Law, § 384-b, subd 6, par (b)] and that if the children were to be returned to her they would be in imminent danger of becoming neglected

children" is overwhelmingly supported by the record. The court properly found, upon clear and convincing proof (see *Santosky v Kramer*, 455 US 745), that the mother of the children is presently and for the foreseeable future unable, by reason of mental retardation, to provide proper and adequate care for her children. The stated purpose of section 384-b (subd 1, par [a], cl [iv]) is to provide a permanent alternative home for children whose natural parents cannot provide a normal family home for them. The report of the Law Guardian urging a contrary result because "with supportive services" respondent may be able to care for her children finds no practical support in the record. The court correctly observed that the supervision which would enable respondent properly to care for her children would entail a 24-hour-a-day monitor. This the law does not require. We note that while the Law Guardian was assigned to participate in this proceeding to protect the interests of the children, his report is silent as to where the best interests of the children lie. The constitutional challenge to section 384-b of the Social Services Law as violative of the Rehabilitation Act of 1973 (US Code, tit 29, § 794) has not been properly presented for review inasmuch as no notice was given to the Attorney-General (Executive Law, § 71; CPLR 1012, subd [b]). The argument, in any event, is without merit (see *Matter of Robert S. T.*, 86 AD2d 748). (Appeal from order of Onondaga County Family Court, Barth, J. — termination of parental rights.) Present — Hancock, Jr., J. P., Doerr, Denman, Boomer and Schnepp, JJ.