■ In the Matter of JAMIE Y., Alleged to be a Permanently Neglected Child. DELAWARE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; WINIFRED Y., Appellant. — Appeal from two orders of the Family Court of Delaware County (Farley, J.), entered February 9, 1982 and August 23, 1982, which adjudicated Jamie Y. to be a permanently neglected child. On January 23, 1980, respondent, 17-year-old Winifred Y., unmarried and who herself was in foster care, gave birth to a child, Jamie Y. Pursuant to a stipulation with petitioner Delaware County Department of Social Services, the baby was immediately placed in foster care. Following hearings, Family Court granted an order pursuant to part 1 of article 6 of the Family Court Act from which this appeal has been taken. The court found that the baby was a permanently neglected child as described in section 384-b of the Social Services Law, dispensing with parental consent to any adoption. By subsequent decision constituting an order, the court upon review found the evidence to be clear and convincing, satisfying the standards required by the Supreme Court in *Santosky v Kramer* (455 US 745), and the amendments to the Social Services Law in chapter 123 of the Laws of 1982. The sole issue is whether the record contains clear and convincing proof to support Family Court's order. We find that it does and affirm. The requisite findings must demonstrate that a parent has failed for a period of more than one year following the date when a child came into the care of an authorized agency substantially and continuously or repeatedly to maintain contact with or plan for the future of the child, although physically and financially able to do so, notwithstanding the agency's diligent efforts to encourage and strengthen the parental relationship (Social Services Law, § 384-b, subd 7, par [a]). The record shows that petitioner's employees entered upon attempts to formulate a plan with respondent for the future care of both the child and herself which included assisting her obtain her own apartment, securing either employment or public assistance, and her participation in a family counselling (therapy) program. She attended nine sessions but frustrated every attempt to establish her own residence away from her parents and family, which bred hostility, tension and disruption. Respondent moved to Yakima, Washington, apparently with a boyfriend who was subsequently sentenced to jail. She obtained employment and her sole contact with the child for more than one year was by a few letters and cards sent to the Department of Social Services. The record further demonstrates that although she was urged to return by petitioner and her assigned attorney, she elected not to do so. There is no evidence on her behalf, other than statements in the record by petitioner's witnesses and her attorney, offering any plausible excuse for her failure to return either to visit the child or interpose a defense. Moreover, the evidence demonstrates in both a clear and convincing manner that respondent failed to make any significant attempt to formulate and act to accomplish a feasible and realistic plan for the child's future (Family Ct Act, § 614, subd 1, par [d]; Social Services Law, § 384-b, subd 7, pars [a], [c]; see *Matter of Orlando F.,* 40 NY2d 103, 110). She resisted and disregarded petitioner's efforts to encourage and strengthen the parental relationship. Petitioner's efforts were adapted to the circumstances presented (*Matter of Karas,* 59 AD2d 1022, mot for lv to app den 43 NY2d 646) and were adequate to fulfill its statutory duty to effectuate the parental relationship (Social Services Law, § 384-b, subd 7, pars [a], [f]; Family Ct Act, § 614, subd 1, par [c]; see *Matter of Lisa Ann U.,* 75 AD2d 944). Although "[t]he filial bond is one of the strongest, yet most delicate, and most inviolable of all relationships" (*Matter of Corey L v Martin L,* 45 NY2d

383, 392), this record fully supports the court's finding that Jamie Y. was a neglected child, and that such finding was made upon clear and convincing evidence. Orders affirmed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.