■ In the Matter of CHRISTOPHER T. and Another. — Order unanimously modified, on the law and facts, and, as modified, affirmed, without costs, and matter remitted to Monroe County Family Court for further proceedings, in accordance with the following memorandum: Family Court permanently terminated respondents' parental rights on the grounds of mental retardation. We agree that there was clear and convincing evidence to support the findings that respondents are mentally retarded and are unable, by reason thereof, to provide proper and adequate care for their children for the foreseeable future (Social Services Law, § 384-b, subd 4, par [c]). We also agree with Family Court that the statute does not violate the Constitution or the Rehabilitation Act of 1973 (US Code, tit 29, § 701 *et seq.; Matter of Nereida S.,* 57 NY2d 636; *Matter of Robert S. T.,* 86 AD2d 748). ¶ We agree with the respondents and the Law Guardian, however, that Family Court erred by refusing to consider long-term foster care as a preferable alternative to parental termination. Although the Legislature has expressed a preference, in the usual case, for avoiding long-term foster care (Social Services Law, § 384-b, subd 1, par [b]), this preference merely creates a presumption that some alternative to foster care will be in the child's best interest. Accordingly, the statute provides that a permanent alternative home should be sought only when the natural parent cannot or will not provide a normal family home "and when continued foster care is not an appropriate plan for the child" (Social Services Law, § 384-b, subd 1, par [a], cl [iv]). The statute also provides that it is the intent of the Legislature to provide procedures for terminating parental rights "where positive, nurturing parent-child relationships no longer exist, furthering the best interests, needs, and rights of the child" (Social Services Law, § 384-b, subd 1, par [b]). In upholding the constitutionality of the statutory scheme, the Court of Appeals has noted that the statute authorizes termination only when specific criteria are met "and when necessary in the best interest of the child" (*Matter of Nereida S., supra,* p 640). ¶ We conclude, therefore, that termination of parental rights is not warranted, and certainly not mandated, if such is not in the child's best interests, even though the statutory requirements for termination have been established. ¶ The instant case presents a somewhat unusual fact pattern by reason of the extensive efforts made by these parents to continue a relationship with their children. The Law Guardian, who has served in that role with respect to Christopher since he was age one, has observed that substantial bonding has taken place between Christopher and his natural parents. The Law Guardian and the attorney for respondents attempted, at several points during the trial, to elicit evidence which would establish that Christopher's best interests may be met by long-term foster care rather than by severing the relationship between Christopher and his parents. The court consistently rejected these offers. We find this to be error. "[T]he ultimate concern of the statute is to obtain a custody disposition which is in the best interest of the child" (*Matter of Dedrick M.,* 89 AD2d 781). A permanent severance of the parent-child relationship, even when the child has been living in a foster home, is not always of benefit to the child (*Santosky v Kramer,* 455 US 745, 765, n 15). The Law Guardian concludes that there was insufficient bonding between Joyce T. and her parents to warrant further consideration at this time, and the record bears out this conclusion. With respect to Christopher, however, the record supports the Law Guardian's recommendation that this case be remitted to permit respondents to submit additional evidence to enable the court to determine whether Christopher's best interests would be served by placement in long-term foster care rather than by parental termination. Accordingly, the matter is remitted for that purpose. (Appeal from order of Monroe County Family Court, Corbett, J. — Social Services Law, § 384-b.) Present — Dillon, P. J., Callahan, Doerr, O'Donnell and Moule, JJ.