■ In the Matter of SUSAN F., an Infant. JEWISH CHILD CARE ASSOCIATION, Appellant; BARBARA F. et al., Respondents. — Order, Family Court, New York County (Peggy Davis, J.), entered May 2, 1983, dismissing the petition in this proceeding brought to terminate respondents' parental rights, unanimously reversed, on the law and the facts, without costs or disbursements, the petition granted and the matter remanded to the Family Court for a dispositional hearing.

This proceeding was brought pursuant to section 384-b of the Social Services Law to terminate the parental rights of respondents, so as to free the child for adoption. The child was voluntarily placed by the mother three days after her birth on February 7, 1981 and has been continuously in foster care since that time. The petition, filed July 1, 1982, sought termination of parental rights, as to the mother, upon allegations of mental illness (Social Services Law, § 384-b, subd 4, par [c]) and permanent neglect in failing to plan for the future of the child (Social Services Law, § 384-b, subd 4, par [d]), and, as to the father, abandonment (Social Services Law, § 384-b, subd 4, par [b]).

Following a fact-finding hearing, the court dismissed the petition, concluding that there was insufficient evidence to establish that the mother failed, for a period of one year, to plan for the child's future or that she would be unable to care for the child in the foreseeable future by reason of mental illness. No findings were made with respect to the father, who did not appear at the hearing.

We disagree and conclude on this record that there was clear and convincing evidence that the mother was unable to provide proper and adequate care for the child by reason of mental illness within the terms of section 384-b (subd 6, par [a]) of the Social Services Law. The record reflects a history of 10 psychiatric hospitalizations since 1969 and the expert testimony adduced at the hearing established that she was incapable of caring for the child and would be unable to do so in the foreseeable future. She was diagnosed as chronic schizophrenic and the opinion was expressed that without the constant use of medication, there was a possibility that she would relapse into a psychotic state. Even were medication continued, her prognosis was guarded. Under the circumstances, there was clear proof that the mother, by reason of her mental illness, was, and for the foreseeable future would be, unable to provide proper and adequate care for the child (see *Matter of Vera T.*, 80 AD2d 511, affd 55 NY2d 1028).

The record further establishes by clear and convincing proof that the mother permanently neglected the child by failing to plan for her future for a period of more than one year, despite diligent efforts on the part of petitioner to strengthen the parental relationship (Social Services Law, § 384-b, subd 7; *Matter of Star Leslie W.*, 63 NY2d 136; *Matter of Sheila G.*, 61 NY2d 368; *Matter of Orlando F.*, 40 NY2d 103). Despite the several visits by the mother with the child, it appears that there was no attempt by the mother to establish any actual relationship and at no time did she formulate any definitive and meaningful plan for the child's future. It further appears that, subsequent to the fact-finding hearing, during the pendency of this appeal, the mother executed a surrender under section 384-b of the Social Services Law and withdrew any opposition to the appeal.

As to the father, the uncontradicted testimony at the fact-finding hearing established abandonment by the father within the statutory standard (Social Services Law, § 384-b, subd 5). The record reflects that during the entire period, the father did not visit and maintained no contact or communication with the child. He failed to appear either at the hearing or on this appeal

and the proof clearly and convincingly establishes abandonment (see *Matter of Unido R.*, 109 Misc 2d 1031). Concur — Ross, J. P., Carro, Fein, Lynch and Kassal, JJ.