■ In the Matter of KEVIN R. et al., Alleged to be Children of a Mentally Ill Parent. JOHN R. BEAUDOIN, as Commissioner of the Rensselaer County Department of Social Services, Respondent; BARBARA R., Appellant.—Harvey, J. Appeals from three orders of the Family Court of Rensselaer County (Dixon, J.), entered February 11, 1983, which, *inter alia,* terminated respondent's parental rights as to her three children by reason of her mental illness and committed the guardianship and custody of said children to petitioner.

Following a lengthy hearing, Family Court found that clear and convincing evidence warranted the termination of respondent's parental rights to her three natural children. The parental rights of the father were terminated on the basis of abandonment (Social Services Law § 384-b [4] [b]; [5] [a]), and the father does not appeal. Respondent's primary contention on appeal is that the evidence in the record was insufficient to meet the clear and convincing standard of proof (*see, Santosky v Kramer,* 455 US 745).

Respondent's children range in age from 11 to 17 years. The children were originally removed from respondent's care in March 1974 and placed in a foster home. The removal followed a number of incidents which reflected serious neglect and inadequate care by respondent, to the point of actually threatening the life, health and safety of the children. Such incidents included leaving a small child unattended and leaving the children in the care of an intoxicated person in a tavern.

At the hearing, there was testimony by a child psychiatrist and social caseworkers who were intimately familiar with respondent's child care behavior and abilities. The evidence regarding respondent's mental condition established a marked impairment in her judgment, inadequacy in her intellectual and social skills, and a lack of motivation to enable her to adequately parent the children. A child psychiatrist described respondent as suffering from a disorder known as inadequate personality. The psychiatrist opined that respondent's inability to parent was so substantial that, for the children to remain with her, a 24-hour-a-day monitor or child-care assistant would be required to be present in the home. The law does not require that petitioner provide such care in order to permit respondent to have custody of her children (*see, Matter of Tonya Louise M.,* 91 AD2d 868, 869).

On this record, it is clearly evident that returning the children to respondent's care would place them in imminent danger of becoming neglected (*see, Matter of Jason YY.,* 89 AD2d 930, 931, *lv denied* 57 NY2d 607). Furthermore, the extensive efforts made by petitioner to assist respondent in improving her parental skills resulted in no perceptible and consistent change, thus convincingly supporting the experts' conclusion that respondent's mental condition was unlikely to change in the foreseeable future to any significant degree (*supra*). Thus, on this record it has been clearly and convincingly established that respondent is affected by a mental condition which renders her unable to adequately parent her children, now or in the foreseeable future, and return to her care would place the children in danger of becoming neglected by reason of respondent's mental illness (*see, Santosky v Kramer, supra; Matter of Tonya Louise M., supra,* p 869; *see also,* Social Services Law § 384-b [3] [g]; [4] [c], [e]).

Family Court also prohibited respondent from visiting the children. The standard to be applied is the best interests of the children (Family Ct Act § 631; *see, Matter of Nathaniel T.,* 97 AD2d 973, 974). The record supports the conclusion that Family Court's decision was in the best interests of the children. Expert testimony indicated that there had been a significant bonding of the children with the foster parents and that any continued contact with respondent would only be detrimental to the children's best interests.

Having considered respondent's other contentions, we find them unpersuasive. Family Court found that while the foster parents elected for personal reasons not to adopt the children, their willingness to continue caring for them until maturity made adoption not in their best interests. Given the length of time that the children have resided with the foster parents and the significant bonding that has resulted between them, we cannot say that it was error for Family Court to continue this well-established foster care relationship (*cf. Matter of Christopher T.,* 101 AD2d 997, *lv dismissed* 63 NY2d 769). We agree with respondent's contention that she was entitled to have her court-appointed counsel attend the court-ordered psychiatric examination (*see, Matter of Alexander L.,* 60 NY2d 329). However, in this proceeding, no one claims that respondent's attorney was prohibited from attending the examination.

Orders affirmed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.