■ In the Matter of EDWARD R. DUTCHESS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; IRIS R., Appellant.—In a proceeding pursuant to Social Services Law § 384-b to terminate a mother's parental rights by reason of mental illness, the appeal is from an order of the Family Court, Dutchess County (Bernhard, J.), entered August 8, 1985, which, after a hearing, committed Edward R. to the custody of the Commissioner of the Dutchess County Department of

Social Services and empowered him to consent to the adoption of the child without notice to or consent of the child's mother.

Ordered that the order is affirmed, without costs or disbursements.

The mother contends that Social Services Law § 384-b (6) (e) violates procedural due process because it provides that parental rights may be permanently terminated by reason of a parent's mental illness on the basis of only one psychiatrist's testimony rather than on the basis of the opinion of at least two psychiatrists as required in certain other types of criminal and civil proceedings (see, e.g., CPL 730.20 [1]; Mental Hygiene Law § 9.37). We find no merit to this claim. A natural parent's right to the custody of his or her child has long been recognized as a fundamental interest involving many of the same protections accorded an individual threatened with the loss of personal freedom (see, Matter of Alexander L., 60 NY2d 329, 336; Matter of Ella B., 30 NY2d 352, 356; Matter of Tanise B., 119 Misc 2d 30, affd 98 AD2d 689). The statute in question specifically authorizes the parent, as well as the petitioning agency, to submit other psychiatric, psychological or medical evidence relevant to the case. Moreover, the parent is free to cross-examine the court-appointed psychiatrist at the hearing. Therefore, rather than restricting the proof to the testimony of one witness, Social Services Law § 384-b (6) (e) merely sets forth a minimum requirement of testimony by a psychiatric expert in order to terminate parental rights. Therefore, section 384-b is not rendered unconstitutional because it requires only one psychiatric opinion.

In addition, the procedural and substantive scheme provided for in section 384-b has been repeatedly upheld by the Court of Appeals as being constitutionally sound (see, Matter of Joyce T., 65 NY2d 39; Matter of Nereida S., 57 NY2d 636).

We further find that the petitioner established by clear and convincing evidence that the mother, by reason of her mental illness, was unable to care for the child presently and for the foreseeable future (see, Santosky v Kramer, 455 US 745). The unequivocal testimony of the court-appointed psychiatrist that the mother should not be the primary caretaker, the medical records reflecting the mother's frequent and extensive hospitalizations and institutionalizations for chronic schizophrenia dating back to 1968, and her own demeanor and testimony at the hearing which demonstrated disorientation as to time, paranoia and a lack of understanding of her condition, amply supported the Family Court's determination (see, Matter of

*Vera T.,* 80 AD2d 511, *affd* 55 NY2d 1028; *Matter of Susan F.,* 106 AD2d 282, 283). Thompson, J. P., Weinstein, Lawrence and Eiber, JJ., concur.