■ In the Matter of ELIZABETH Q. and Others, Alleged to be Children of a Mentally Retarded Parent. ROBERT M. TOFT, as Commissioner of the Tioga County Department of Social Services, Respondent; ANNA R., Appellant.—Levine, J. Appeal from an order of the Family Court of Tioga County (Siedlecki, J.), entered July 31, 1985, which granted petitioner's applications, in three proceedings pursuant to Social Services Law § 384-b, to terminate respondent's guardianship and custody of her infant children by reason of mental retardation.

Petitioner brought three petitions pursuant to Social Services Law § 384-b requesting termination of respondent's parental rights to each of her three children. The petitions alleged that respondent was mentally retarded and not capable presently or for the foreseeable future of providing adequate care for her children, and that the children, who had been in foster care for seven years, would become neglected if returned to respondent (see, Social Services Law § 384-b [4] [c]; [6] [d]; Family Ct Act § 1012). The children's natural father and respondent were divorced in 1976 and he surrendered custody of the children in 1985.

The petitions were consolidated for a hearing. Testimony was taken from a court-appointed psychologist, Dr. Eugene K. Emory, and a psychologist retained by petitioner, Dr. Jeffrey L. Cebula, both of whom examined respondent and administered a battery of psychological tests. Emory testified that respondent was functioning in the mildly retarded range with relatively limited skills across a wide range of abilities, including short-term memory and nonverbal reasoning. He stated that respondent's test results indicated to him that she would encounter significant difficulty in raising her three children. Specific problem areas pointed out by him included an inability to maintain school schedules, interpret report cards, guard

her children's rights; follow recipes and prepare nutritious meals, and provide a structured environment for the children. Cebula's testimony basically confirmed Emory's conclusions. Additional testimony from Darlene Patzer, a parent aide who had counselled respondent and her mentally retarded husband for six hours per week over a three-month period, was to the effect that, although some progress was made with respondent in the areas of cleanliness and cooking, respondent and her husband remained unable to balance their budget. Patzer stated that they often bought food in quantities they could not consume and failed to pay necessary bills, at times resulting in their having to move due to disputes with their landlords. Based upon the foregoing, Family Court determined that respondent, because of her mental disability, could not for the foreseeable future provide adequate care for her three children, and terminated respondent's parental rights.

On appeal respondent contends that (1) Emory's testimony was biased due to his contacts with petitioner and, as a result, there was no impartial medical testimony to support the termination of her parental rights as required by Social Services Law § 384-b (6) (e), and (2) Family Court abused its discretion in failing to order a dispositional hearing to determine whether the best interests of the children mandated long-term foster care with visitation by respondent rather than adoption.

We initially note that respondent's contention that Emory was not impartial was not preserved for our review since respondent failed to object to the introduction of his testimony in Family Court. Moreover, the facts adduced by respondent do not establish any bias on Emory's part. Although he initially thought that he had been retained by petitioner and received respondent's background information from petitioner, he testified that he used standard psychological tests, followed standard procedures, and arrived at his conclusions in an objective manner.

We are similarly unpersuaded by respondent's contention that a dispositional hearing was necessary to determine the best interests of the children. Although such a hearing may be appropriate in certain cases (see, Matter of Joyce T., 65 NY2d 39, 46; Matter of Christopher T., 101 AD2d 997), Social Services Law § 384-b does not provide for a dispositional hearing when there has been a finding of mental retardation (Carrieri, Practice Commentaries, McKinney's Cons Laws of NY, Book 52A, Social Services Law § 384-b, pp 140-141). The testimony of Emory to the effect that there was some positive bonding

between respondent and one of her children was not sufficient to overcome the presumption that adoption rather than long-term foster care would be in the best interests of all of the children *(see, Matter of Joyce T., supra,* pp 46-47; *Matter of Christopher T., supra)*. Moreover, there was testimony that each child had developmental problems which had been alleviated somewhat by their placement in foster care and which would be further ameliorated by long-term, irrevocable permanent placement. In conclusion, however, we note that adoption need not preclude visitation with respondent or among the siblings *(see, Matter of Joyce T., supra,* pp 46-47, n 2).

Order affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.