◼ In the Matter of ANN MARIE D. ANGEL GUARDIAN HOME et al., Respondents; LENORA D., Appellant.—In a proceeding pursuant to Social Services Law § 384-b (4) to terminate the parental rights of the parents of the infant Ann Marie D., the natural mother appeals from a dispositional order of the Family Court, Kings County (Greenbaum, J.), dated December 30, 1985, which granted the petition on the grounds of permanent neglect and mental illness and committed the guardianship and custody of the infant to the petitioner Angel Guardian Home.

Ordered that the order if affirmed, without costs or disbursements.

The record reveals that the petitioner Angel Guardian Home has met its burden of proving, by clear and convincing

evidence *(see, Matter of Sheila G.,* 61 NY2d 368; *Matter of Jamie Y.,* 92 AD2d 696), that the mother permanently neglected the child by failing to substantially plan for the future of the child notwithstanding its diligent efforts to strengthen the parental relationship *(see,* Social Services Law § 384-b [7] [a]). Indeed, the mother repeatedly rejected the Angel Guardian Home's financial and social counseling as well as offers of professional psychological assistance. As such, the lack of progress on the mother's part in planning for the child's future is directly attributable to her failure to avail herself of the many services offered to her *(see, Matter of Star Leslie W.,* 63 NY2d 136; *Matter of Orlando F.,* 40 NY2d 103; *Matter of Lisa L.,* 117 AD2d 931). Hence, the Family Court did not err in concluding that the mother was guilty of permanent neglect.

Moreover, in light of the expert psychiatric testimony establishing that the mother suffers from chronic residual schizophrenia and is "somewhat a paranoid volitional", that she refused to accept professional therapy to improve her condition, and that the child would be in imminent danger of becoming neglected if returned to her custody, there is clear and convincing evidence to support the Family Court's conclusion that her parental rights should be terminated on the additional ground of mental illness *(see,* Social Services Law § 384-b [4] [c]; [6] [a]; *Matter of Kevin R.,* 112 AD2d 462, *lv denied* 67 NY2d 602; *Matter of Susan F.,* 106 AD2d 282; *Matter of Diana McC.,* 106 AD2d 577; *Matter of Vera T.,* 80 AD2d 511, *affd* 55 NY2d 1028). Brown, J. P., Weinstein, Rubin and Spatt, JJ., concur.