■ In the Matter of STEPHEN B., a Child Alleged to be Neglected.—Order unanimously affirmed without costs. Memorandum: Respondent appeals from an order which terminated her parental rights on the ground of mental illness and granted custody and guardianship of her four-year-old son to the Department of Social Services. Respondent contends that Social Services Law § 384-b is unconstitutional as applied to her; that the Department's proof is insufficient to support the court's determination; and that the court's disposition is contrary to the child's best interests.

Social Services Law § 384-b (4) (c) and (6) (a) are not unconstitutional as applied to respondent. Termination of the rights of a mentally ill parent is justified by compelling State interests, viz., the child's interest in being protected from a parent who, by virtue of her psychiatric illness, is presently and for the foreseeable future incapable of caring and planning for

the child, and the child's interest in being afforded the opportunity to enjoy a normal, positive and permanent relationship with stable and nurturing parents (see, Matter of Joyce T., 65 NY2d 39, 50; Matter of Nereida S., 57 NY2d 636; Matter of Edward R., 123 AD2d 866, 867; Matter of Robert S. T., 86 AD2d 748, lv dismissed 56 NY2d 1033, 57 NY2d 777).

The Department adduced clear and convincing evidence (see, Matter of Joyce T., supra, at 41, 45) showing that, by reason of her mental illness, respondent is presently and for the foreseeable future unable to provide proper and adequate care for her son (Social Services Law § 384-b [4] [c]). The Department met its burden of proving that respondent was so disturbed in her behavior, feeling, thinking and judgment that if her son were returned to her custody, he would be in danger of becoming a neglected child (see, Social Services Law § 384-b [6] [a]). The examining psychiatrist's testimony on that point was unequivocal and supported by the facts, and respondent failed to adduce any evidence to the contrary.

The disposition is supported by the evidence and is in the child's best interests. There is no indication that any member of respondent's family was willing or able to assume custody of the child; indeed, respondent's attorney did not advocate such disposition. Further, contrary to respondent's argument on appeal, the child does not face the prospect of being adopted by strangers, and will not be completely cut off from his natural family. The home of the foster parents, the prospective adoptive parents, is virtually the only one the four-year-old child has ever known. Moreover, the court's order provides for "regular visitation" by respondent. (Appeal from Order of Erie County Family Court, Notaro, J.—Permanent Neglect.) Present—Callahan, A. P. J., Denman, Pine, Balio and Lawton, JJ.